**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODNEY WILSON MCCLANTON,
ADC #108785                                                                                                  PLAINTIFF

v.                                                  5:14CV00084-JTK

ESTELLA BLAND, et al.                                                                                   DEFENDANTS

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, which this Court construes as a Motion for Preliminary Injunction (Doc. No. 8). Defendants filed a Response in opposition to the Motion (Doc. No. 20).

Plaintiff is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC). He filed this pro se action pursuant to 42 U.S.C. § 1983, alleging denial of adequate medical care and treatment with respect to a hernia (Doc. No. 2). Plaintiff asks for monetary relief from Defendants, Nurse Estella Bland, Dr. William Warren, and Infirmary Administrator Ms. Esaw.

**I.      Motion for Injunctive Relief**

In the present Motion, Plaintiff states he received hernia surgery on March 28, 2014, and asks the Court to prevent Defendants from mistreating him. (Doc. No. 8, pp. 1-2.) In support, Plaintiff states that following the surgery, Defendant Warren refused to allow him to keep a wheelchair, and later refused to reorder Plaintiff's pain medication. (Id., p. 2.) Officers to whom he complained thereafter made him feel in imminent danger of serious physical injury, and Plaintiff asks to be transferred to another Unit. (Id.)

In Response, Defendants state Plaintiff expresses disagreement over the type of medical care

they provided, which fails to rise to a constitutional violation. Taylor v. Bowers, 966 F.2d 417, 421 (8th Cir. 1992), overruled on other grounds by Randle v. Parker, 48 F.3d 301, 304 (8th Cir. 1995). In addition, Plaintiff fails to specify how he is currently in imminent danger, and his suggestion that he may be subject to future danger is speculative and unsupported by evidence. According to the medical records provided by Defendants (Doc. No. 20-1), Plaintiff has been provided treatment for his hernia condition, and any allegations concerning his housing and his transfer to another facility are not within the realm of the medical Defendants' responsibilities or control.

In considering whether to grant injunctive relief, the Court must consider the following factors: "(1) the threat of irreparable harm to the movant; (2) the state of the balance between this harm and the injury that granting the injunction will inflict on other parties litigant; (3) the probability that movant will succeed on the merits; and (4) the public interest." Dataphase Systems, Inc. v. CL Systems, Inc., 640 F.2d 109, 113 (8th Cir. 1981) (en banc). No single factor is dispositive, but the movant must establish a threat of irreparable harm. Id. Without a finding of irreparable injury, a preliminary injunction should not be issued. Randolph v. Rodgers, 170 F.3d 850, 856 (8th Cir. 1999). "The burden of proving that a preliminary injunction should be issued rests entirely with the movant." Goff v. Harper, 60 F.3d 518, 520 (8th Cir. 1995). The Court in Goff also addressed the district court's role in inmate applications for injunctive relief as follows: "[I]n the prison context, a request for injunctive relief must always be viewed with great caution because 'judicial restraint is especially called for in dealing with the complex and intractable problems of prison administration...[t]he courts should not get involved unless either a constitutional violation has already occurred or the threat of such a violation is both real and immediate.'" Id. at 520-21, quoting Rogers v. Scurr, 676 F.2d 1211, 1214 (8th Cir. 1982).

Having reviewed Plaintiff's Motion and Defendants' Response, the Court finds Plaintiff provides no evidence of a threat of irreparable harm to support a hearing under <u>Dataphase</u>. His medical records provide proof that he has received treatment for his hernia condition, and his complaints about the wheelchair and pain medication are complaints about the type of care he is receiving, which is not a constitutional violation. <u>Taylor v. Bowers</u>, 966 F.2d at 421. Furthermore, his vague references, to being in imminent danger from other officers are insufficient to support a finding of irreparable injury. Finally, the Court hesitates to involve itself in the problems of prison administration, such as ordering a transfer, absent more specific allegations to show that a "threat of such a violation is both real and immediate." <u>Goff v. Harper</u>, 60 F.3d at 520-21. Therefore, in light of the <u>Dataphase</u> considerations, and the standard set forth in <u>Goff v. Harper</u>, the Court finds that Plaintiff has not alleged sufficient facts to require a hearing under <u>Dataphase</u>, and therefore, his Motion should be denied.

**II.    Conclusion**

IT IS, THEREFORE, ORDERED that Plaintiff's Motion for Preliminary Injunction and Temporary Restraining Order, which this Court construes as a Motion for Preliminary Injunction (Doc. No. 8), is DENIED.

IT IS SO ORDERED this 29th day of May, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE