**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

RODNEY WILSON MCCLANTON,
ADC #108785                                                                                                    PLAINTIFF

5:14CV00084-JTK

ESTELLA BLAND, et al.                                                                                      DEFENDANTS

**MEMORANDUM AND ORDER**

**I.      Introduction**

This matter is before the Court on the Defendants' Motion for Summary Judgment (Doc. No. 21).  Plaintiff filed a Response in opposition to the Motion, and Defendants filed a Reply (Doc. Nos. 25, 29).

Plaintiff Rodney McClanton is a state inmate incarcerated at the Cummins Unit of the Arkansas Department of Correction (ADC).   He filed this action pursuant to 42 U.S.C. § 1983, alleging denial of adequate medical care and treatment for a hernia condition, and asks for monetary relief.

**II.     Summary Judgment Motion**

Pursuant to FED.R.CIV.P. 56(a), summary judgment is appropriate if the record shows that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law.  See Dulany v. Carnahan, 132 F.3d 1234, 1237 (8th Cir. 1997).  "The moving party bears the initial burden of identifying 'those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.'"  Webb v. Lawrence County, 144 F.3d 1131, 1134 (8th Cir. 1998), quoting Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (other

1

citations omitted).  "Once the moving party has met this burden, the non-moving party cannot simply rest on mere denials or allegations in the pleadings; rather, the non-movant 'must set forth specific facts showing that there is a genuine issue for trial.'" Id. at 1135.  Although the facts are viewed in a light most favorable to the non-moving party, "in order to defeat a motion for summary judgment, the non-movant cannot simply create a factual dispute; rather, there must be a genuine dispute over those facts that could actually affect the outcome of the lawsuit." Id.

## A.    Exhaustion

Defendants Warren, Bland, and Esaw ask the Court to dismiss Plaintiff's Complaint against them for failure to exhaust his administrative remedies as required by the Prison Litigation Reform Act (PLRA), 42 U.S.C. § 1997e, and the ADC grievance procedure, Administrative Directive (AD) 12-16.  According to Shelly Byers, a Medical Grievance Investigator for the ADC, Plaintiff filed three medical grievances from March 5, 2011, to March 7, 2014 (Doc. No. 23-3.)  However, Plaintiff did not appeal any of those three grievances to the Deputy Director for Health and Correctional Programs, which is the final step of the process.  (Id).  See also grievances CMU 13-00053, CU 13-00113, and CMU 14-00010, Doc. No. 23-1.  Therefore, based on these submissions, Defendants state Plaintiff's Complaint against them should be dismissed.

In Response, Plaintiff states that the medical staff knew that Plaintiff suffered from a hernia in 2013, and waited until he filed this action on March 6, 2014, to provide surgery.  Plaintiff does not address Defendants' exhaustion argument.

According to the PLRA,

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a), unconst'l on other grounds, Siggers-El v. Barlow, 433 F.Supp.2d 811, 813 (E.D. Mich. 2006).  The courts have interpreted this provision as a mandatory requirement that administrative remedies be exhausted prior to the filing of a lawsuit.  In Booth v. Churner, the United States Supreme Court held that in enacting the PLRA, "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures."  532 U.S. 731, 741 (2001).  In addition, the United States Court of Appeals for the Eighth Circuit held in Chelette v. Harris, "[t]he statute's requirements are clear:  If administrative remedies are available, the prisoner must exhaust them.  Chelette failed to do so, and so his complaint must be dismissed, for 'we are not free to engraft upon the statute an exception that Congress did not place there.'" 229 F.3d 684, 688 (8th Cir. 2000), quoting Castano v. Nebraska Dep't of Corrections, 201 F.3d 1023, 1025 (8th Cir. 2000).  In Johnson v. Jones, the Court held that "[u]nder the plain language of section 1997e(a), an inmate must exhaust administrative remedies *before* filing suit in federal court....If exhaustion was not completed at the time of filing, dismissal is mandatory."  340 F.3d 624, 627 (8th Cir. 2003) (emphasis in original).  Finally, in Jones v. Bock, the United States Supreme Court held that while the PLRA itself does not require that all defendants be specifically named in an administrative grievance, "it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion."  549 U.S. at 218.

The ADC grievance policy in effect at the time of the incidents at issue in Plaintiff's Complaint was AD 12-16, which specifically instructs inmates how to process and appeal grievances, including exhausting "remedies as to all defendants at all levels of the grievance procedure before filing a Section 1983 lawsuit."  (Doc. No. 23-2, p. 18.)  Since Plaintiff clearly did not completely exhaust his administrative remedies as to the issues raised in his Complaint, he did

3

not comply with the law set forth in the PLRA, or the ADC grievance procedure.  Therefore, his Complaint should be dismissed, without prejudice.

**III.    Conclusion**

IT IS, THEREFORE, ORDERED that Defendants' Motion for Summary Judgment (Doc. No. 21) is GRANTED, and Plaintiff's Complaint is DISMISSED without prejudice, for failure to exhaust his administrative remedies.

An appropriate Judgment shall accompany this Memorandum and Order.

IT IS SO ORDERED this 19th day of June, 2014.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE